E-FILED
Friday, 08 December, 2006  04:54:49 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| JOHN B. GOSTICH, et al. )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>ROCK ISLAND INTEGRATED )<br>SERVICES, )<br>)<br>    Defendant. ) | No. 06-cv-4068 |

**<u>O R D E R</u>**

Before the Court is Defendant, Rock Island Integrated Services', Motion for Leave to File Third Party Complaint (Doc. 18) and Plaintiff, John Gostich's, Motion to Remand (Doc. 3). For the reasons noted below this case is REMANDED to the state court for further proceeding.

Plaintiff originally brought a complaint in state court alleging negligence which resulted in physical injuries. Plaintiff specifically alleged that Defendant, a corporation, failed to maintain a catwalk and the Plaintiff was injured from falling from the catwalk. The catwalk is part of an economizer which was run by the Defendant but located at and owned by the Rock Island Arsenal. The Rock Island Arsenal is a division of the United States Army.

Long after answering the complaint, Defendant filed a notice of removal seeking to remove this case to federal court

based upon diversity of jurisdiction.  The medical expenses in this case exceed $75,000 and Plaintiff is a resident of Ohio.  Once in this Court, Defendant brought their Motion for Leave to File a Third Party Complaint (Doc. 18) against the Rock Island Arsenal for failing to maintain the same premise.  As a division of the United States Army, a suit against them would come under the Federal Tort Claims Act.  Now, in response to the Motion to Remand, Defendant asserts that their intended third party claim against the federal government forms a basis for federal question jurisdiction.

    Plaintiff's motion to remand seeks to remand the case on the basis that Defendant's Notice of Removal was not timely filed.  28 U.S.C. § 1446(b) provides the applicable law governing the timeliness of removals to federal court.  Under § 1446(b), a defendant must file a notice of removal within thirty days of the initial pleading.  However, if a case stated by the initial pleading is not removable, then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable…."

    In this case, the notice of removal was not filed within thirty days of the initial pleading.  However, Defendant alleges

that they did not receive notice that the case was removable based upon the initial pleadings.  Specifically, they allege that both the extent of plaintiff's injuries and plaintiff's residence were unknown to the defendant at the time of the initial pleading.[1]  Defendant alleges that it was only later through discovery that they learned that there was a basis for diversity jurisdiction.  However, Defendant's primary argument is that this court's jurisdiction is proper based upon federal question jurisdiction because they now seek to bring a third party complaint against the federal government.  The Court will address both arguments in their respective order.

**I. Defendant's Notice of Removal was not Timely.**

Based upon § 1446(b), Defendant had thirty days from the date that they received a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable.  Defendant filed their notice of removal on October 11, 2006.

One could argue that the fact that this case was removable could be ascertained by the initial pleadings. The complaint describes severe injuries and damages for pain and suffering, disfigurement, disability, medical and health expenses, lost wages, emotional distress, and psychological injury. See, e.g., Campbell v. Bayou Steel Corp., 338 F.Supp.2d 896, 902 (N.D.Ill.

---

[1] Plaintiff's original complaint (Doc. 1 ex. 1) does not provide plaintiff's residence and requests damages "in excess of fifty thousand dollars."

2004).  And, prior to the complaint, Defendant received notice of from attorney Timothy Delaney of Cleveland, Ohio notifying them that Mr. Delaney was representing the Plaintiff.

What is clearer though, is that more than thirty days before October 11, 2006 defendants received discovery from which it may be ascertained that this case was removable.  According to the Plaintiff, on May 23, 2006 Defendant received discovery which provided notice that this case was removable. In response to one Defendant's Request for Production of Documents, Plaintiff attached pages of the Ohio Bureau of Workers' Compensation Payments Summary.  This document showed that $87,979.15 was paid in medical expenses and provides an address for Mr. Gostich in Ohio.[2]  (Doc. 3 Ex. 18.)  It certainly may be ascertained from receipt of that document that there is a basis for removal.

The Defendant states that some discovery was not provided until as late as August 2006.  Even if this document was not received until August, Defendant still did not file a Notice of Removal until October 11, 2006 which is not within thirty days of receipt of that document.

As a result, because Defendant did not file a timely Notice of Removal this Court does not have jurisdiction based upon diversity.

---

[2] Plaintiff presents other evidence from which Defendant's may have ascertainen that this case was removable.  However, this piece of evidence is most compelling.

4

**II. Defendant's Attempt to Bring a Third Party Claim Can Not Create Federal Jurisdiction.**

Defendant's primary argument is that this case raises an issue of federal question and as a result must be litigated in federal court. Specifically, Defendant wishes to bring a third party claim against the federal government for contributory negligence for failing to maintain the Rock Island Arsenal. As a result, the only basis for federal question jurisdiction is if Defendant is granted leave to bring their third party claim against the Rock Island Arsenal under the Federal Tort Claims Act.

While Defendant's request for leave to bring a third party claim appears to be necessary for a judicious outcome of this case, in order for this Court to grant leave to file a third party complaint this Court must first have jurisdiction. This Court can not rule on a single matter unless this Court already has jurisdiction over the case. When jurisdiction is lacking, a court cannot address any issue relating to the merits, even if it would be in the interests of justice to do so. <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800 at 818 (1988). That is to say, "without jurisdiction, [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

<u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83 at 94 (1998); <u>Johnson v. Wattenbarger</u>, 361 F.3d 991 (7th Cir. 2004)(reminding judges that their first duty in every suit is to determine the existence of subject matter jurisdiction).  As a result, even if Defendant's request to bring a third party claim against the Rock Island Arsenal appears to be necessary, without jurisdiction, this Court cannot put the cart before the horse and rule on an issue - even if ruling on that issue would give this Court jurisdiction.  As a result, this Court lacks the power to grant leave for Defendant to bring their third party claim.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. 3) is GRANTED.  This Case is remanded back to the 14th Judicial Circuit of Illinois for all future matters including determination of Defendant's Motion for Leave to File a Third Party Complaint.

CASE TERMINATED.

ENTERED this   8th   day of December, 2006.

                                        s/ Joe Billy McDade_____
                                            Joe Billy McDade
                                   United States District Judge